NUMBER 13-03-406-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


WENDALL CRAIG GOODIE,                                                            Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                                                                       


     On appeal from the 180th District Court of Harris County,
Texas.

                                                                                                                        

                       MEMORANDUM OPINION

 

                  Before Justices Hinojosa, Yañez,
and Garza 

                            Memorandum
Opinion by Justice Yañez

 








On June 11, 2003, appellant, Wendall Craig Goodie,
was convicted of aggravated sexual assault of a child[1]
by a Harris County jury and sentenced to forty-five years= imprisonment in TDCJ-Institutional Division, with
enhancements.[2]  By one issue, appellant argues on appeal that
the trial court erred in denying his motion to testify free from impeachment by
his prior convictions.  We affirm. 

The record contains the trial court=s certification that this is not a plea-bargain case
and the defendant has the right of appeal.[3]

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them except when necessary to advise the parties of the Court=s decision and the reasons for it.[4]

Standard of Review








The standard of review for a trial court's ruling on
the admissibility of an extraneous offense is abuse of discretion.[5]  The test for abuse of discretion is not
whether, in the opinion of the reviewing court, the facts present an
appropriate case for the trial court's action.[6]  Rather, it is a question of whether the trial
court acted without reference to any guiding rules and principles.[7]  Another way of stating the test is whether
the act was arbitrary or unreasonable.[8]  As long as a trial court's evidentiary ruling
could be a subject of reasonable disagreement, the appellate court will not set
it aside.[9]

Analysis

In appellant=s sole issue, he asserts that the trial court abused
its discretion in overruling his motion to testify free from impeachment by
prior convictions because the probative value of the prior convictions was not
outweighed by their prejudicial effect.[10]


The record reflects that on March 3, 2003, prior to
trial, the State gave appellant notice of its intent to impeach his credibility
by questioning him regarding whether he had any prior convictions.  Immediately prior to the beginning of the
guilt/innocence phase of trial, appellant=s trial counsel filed a motion to allow appellant to
testify free from impeachment by his prior convictions.  Shortly thereafter, during a hearing outside
the jury=s presence, appellant=s
trial counsel requested that the court address his objection regarding
admission of appellant=s prior convictions. 
The court overruled the objection and allowed the introduction of
appellant=s prior convictions for impeachment purposes if
appellant chose to testify.  Shortly
after the court=s ruling, on direct examination, appellant=s trial counsel preemptively questioned appellant
about his prior convictions.  Appellant
acknowledged that he had three prior convictions.  During the State=s subsequent cross-examination, the prosecutor
questioned appellant further regarding his prior convictions, and appellant
again admitted to the existence of the prior convictions. 













In Ohler v. United States, the United States
Supreme Court addressed the consequences of preemptively admitting a prior
conviction during direct examination.[11]  Ohler was on trial for possession of
marijuana.[12]  During trial, Ohler sought to testify on her
own behalf.[13]  As a result, the government sought to
introduce evidence of any prior felony conviction committed by Ohler as
character evidence and as impeachment evidence.[14]  The trial court subsequently ruled that
evidence of Ohler=s prior conviction was admissible for the purpose of
impeachment if Ohler chose to testify on her own behalf.[15]  Despite the court=s ruling, Ohler chose to testify on her own behalf
and admitted on direct examination to a prior conviction for possession of
methamphetamine.[16]  The government then requested, and the
district court granted, permission for the government to cross-examine Ohler
regarding her prior convictions for the purpose of impeachment.[17]  After deliberations, the jury convicted Ohler
of possession of marijuana with intent to distribute.[18]  On appeal, Ohler challenged the district
court=s ruling regarding her prior convictions.[19]  In a 5-4 decision, the Supreme Court upheld
her conviction and stated in pertinent part, that Aa defendant who preemptively introduces evidence of
a prior conviction on direct examination may not on appeal claim that the
admission of such evidence was error.@[20]  The Court
further stated that Aa defendant who takes the stand in his own behalf
may be impeached by proof of prior convictions or the like.@[21] 

Here, as in Ohler, appellant=s trial counsel first introduced testimony of
appellant=s prior convictions before cross-examination.  Following Ohler, we conclude the trial
court did not err in denying appellant=s motion and allowing the testimony.[22]  Accordingly, we overrule appellant=s sole issue.

We affirm the judgment of the trial court. 

 

_____________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered 

and filed this the 23rd day of June, 2005.

 

 











[1] See Tex. Pen.
Code Ann. ' 22.01(a)(2) (Vernon 2003).





[2] The record reflects that appellant=s sentence was enhanced by the
following prior convictions: (1)  in
1998, appellant was convicted of retaliation, sentenced to two years= imprisonment, and fined $500; (2)
in 1991, appellant was convicted of possession of a controlled substance and
sentenced to four years= imprisonment; and (3) in 1990,
appellant was convicted of burglary of a motor vehicle and sentenced to five
years= imprisonment. See Tex. Pen. Code Ann. '12.42(d) (Vernon 2003).





[3]See Tex. R.
App. P. 25.2(a)(2).





[4]See Tex. R.
App. P. 47.4.





[5] Ransom v. State, 920
S.W.2d 288, 299 (Tex. Crim. App. 1994) (en banc).





[6] Montgomery v. State, 810
S.W.2d 372, 380 (Tex. Crim. App. 1990) (en banc).





[7] Id.





[8] Id.





[9] See id. at 391.





[10] Tex. R.
Evid. 609(a).





[11] Ohler v. United States, 529 U.S. 753, 754 (2000).





[12] See id.





[13] See id. at 755.





[14] 
See id.





[15] See id.





[16] See id.





[17] See id.





[18] See id.





[19] See id.





[20] See id. at 760.





[21] See id. at 759 (quoting
McGautha v. California, 402 U.S. 183, 215 (1971).





[22] Id. at 760.